**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Christian von Meer,<br><br>Petitioner,<br><br>v.<br><br>Mary Beth Hoselton,<br><br>Respondent. | No. CV-18-00542-PHX-JJT<br><br>**ORDER and JUDGMENT** |

At issue is Petitioner Thomas Christian von Meer's Motion for Attorney's Fees and Costs (Doc. 28, Mot.), to which Respondent Mary Beth Hoselton filed a Response (Doc. 30, Resp.).

Petitioner filed a Verified Petition for Return of Child Under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA," codified at 22 U.S.C. § 9003(b)) on February 16, 2018, (Doc. 1), and Respondent filed her Answer on February 27, 2018, (Doc. 17). The Court held an evidentiary hearing on March 1, 2018, (Doc. 19), and granted the Verified Petition on March 13, 3018, (Doc. 25).

Petitioner, as the prevailing party, now requests his attorney's fees and costs, as well as reimbursement for the travel costs incurred for the return of the child to Italy, under 22 U.S.C. § 9007(b)(3). Counsel for Petitioner's Affidavit (Mot. Ex. A) and the accompanying time sheets substantiate that Petitioner incurred $14,595.00 in attorney's fees, $679.24 in costs, and $949.78 in travel costs, for a total amount sought of $16,224.02.[1] In response, Respondent objects to the

---

[1] In counsel for Petitioner's Affidavit, the time sheets substantiate 46.15 hours of work by counsel for Petitioner at a rate of $300 per hour, and 1.2 hours of work by his paralegal at a rate of $125 per hour. (Mot. Ex. A Ex. 1.) Counsel for Petitioner also notes 2 additional hours of fees for the preparation of the Motion for Attorney's Fees and Costs. (Mot. Ex. A ¶ 8.) In sum, counsel for Petitioner has substantiated $14,595.00 in attorney's

amount on the grounds that Petitioner "took exaggerated measures and drawn out procedures to incur unnecessary costs [and] fees" and that, based on her income in 2017, payment of the fees and costs award would be a "hardship and financial burden." (Resp. at 1–2.)

The statute implementing the ICARA costs and fees provision, 22 U.S.C. § 9007(b)(3), provides:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless respondent establishes that such order would be clearly inappropriate.

The principal question before the Court is whether Respondent's financial position would make an Order requiring Respondent to pay Petitioner's attorney's fees "clearly inappropriate." Although the Court's research did not reveal a case in which the Ninth Circuit Court of Appeals has addressed this issue, the First and Eighth Circuits and other district courts in the Ninth Circuit have either reduced an award of costs and fees or declined to award fees in light of a respondent's inability to pay. *See Rehder v. Rehder*, 2015 WL 4624030, at \*3 (W.D. Wash. Aug. 3, 2015) (citing *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004); *Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995); and collecting district court cases).

Here, Respondent has proceeded without an attorney in this matter, and, in addition to her testimony at the hearing regarding her limited financial means, she has provided to the Court her IRS W-2 statement showing a 2017 income of $15,167.56. (Resp. Ex. 2.) The Court finds that an Order requiring Petitioner to pay fees would be "clearly inappropriate" given her financial situation. The Court also notes that, although Petitioner prevailed, Respondent's defenses—particularly her belief regarding the 15-year-old child's true wishes—were colorable. *Cf. Cuellar*

---

fees. Adding $679.24 in costs and $949.78 in travel costs, the total is <u>$16,224.02</u>. Neither the total amount listed in the Affidavit, $15,874.24, nor the different total amount listed in the Motion, $16,824.02, match the amount substantiated. (*Compare* Mot. Ex. A ¶ 16 *with* Mot. at 1, 5, 6.) It appears that, at least in the Motion, counsel for Petitioner has added another 2 hours of fees, even though by the Court's calculation they were already included in the Affidavit fees amount of $14,595.00. In any event, the Court finds that Petitioner has substantiated a total amount of fees, costs, and travel costs of $16,224.02.

*v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (noting that fees awards are appropriate when a petition "falls squarely within the heartland of the Hague Convention").

The Court is mindful of the purposes of the costs and fees provision of ICARA. However, because the Court finds that Respondent's limited financial means make payment of all of Petitioner's costs and fees "clearly inappropriate" under 22 U.S.C. § 9007(b)(3), the Court will require Respondent to pay only Petitioner's costs of $679.24 and travel costs of $949.78, for a total award to Petitioner of $1,629.02, plus interest at the statutory rate.[2]

IT IS THEREFORE ORDERED granting in part and denying in part Petitioner's Motion for Attorney's Fees and Costs (Doc. 28).

IT IS FURTHER ORDERED entering judgment for Petitioner Thomas Christian von Meer and against Respondent Mary Beth Hoselton in the amount of $1,629.02, plus post-judgment interest at the rate of 2.53% per annum.

Dated this 13th day of March, 2019.

Honorable John J. Tuchi
United States District Judge

---

[2] The relevant statute, 28 U.S.C. § 1961(a), provides that interest is to be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield," and that interest rate was 2.53% for the preceding week.